IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WIOLETTA SMOTER, *et al.*, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> THE MENTHOLATUM COMPANY, INC., <br><br> Defendant. | Case No. 1:24-cv-04155 <br><br> Judge Jeremy C. Daniel |

## JOINT STATUS REPORT

Plaintiff Wioletta Smoter ("Plaintiff") and Defendant The Mentholatum Company, Inc. ("Mentholatum") submit the following joint status report, pursuant to the Court's June 26, 2024 Order. (Dkt 15.) The parties advise the court as follows:

1. On June 25, 2024, Mentholatum filed an Unopposed Motion for Extension of Time, informing the Court of a then-pending Motion for Centralization before the Judicial Panel on Multidistrict Litigation ("JPML") in *In re Benzoyl Peroxide Marketing, Sales Practices, and Products Liability Litigation* (MDL No. 3120) ("Motion for Centralization") that, if granted, would likely impact the instant proceedings in this Court. (Dkt. 13.)

2. On June 26, 2024, the Court granted Mentholatum's Unopposed Motion for Extension of Time. (Dkt 15.) The Court ordered the parties to notify it of the outcome of the Motion for Centralization within three days of the JPML's decision, and stated that it would "set a deadline for a responsive pleading after the Judicial Panel for Multidistrict Litigation issues its decision on the motion to transfer." (*Id.*)

3. On August 1, 2024, the JPML issued an Order **denying** the Motion for Centralization. A copy of the Order is attached hereto as Exhibit A.

4. Mentholatum intends to file a Motion to Transfer the instant putative nationwide class action pursuant to 28 U.S.C. § 1404(a) to the Western District of New York, Mentholatum's home forum. Mentholatum intends to file its motion by August 19, 2024. Plaintiff informed Defendant that it plans to oppose Defendant's Motion to Transfer.

5. Defendant further informs this Court that it intends to file a Motion to Dismiss the Complaint. However, Mentholatum contends that its deadline to do so should be held in abeyance pending the outcome of the forthcoming 1404(a) Motion to Transfer because the forum that hears the Motion to Dismiss (and the local rules regarding that motion) will be determined by the outcome of Defendant's Motion to Transfer. Plaintiff opposes this request, and instead requests that Defendant's motions to dismiss and to transfer be briefed simultaneously. Should this Court agree with Plaintiff, Mentholatum would request until September 3, 2024 to file its Motion to Dismiss.

6. Should this Court have any questions, the Parties would welcome a status conference to discuss this case and scheduling in more detail.

Dated: August 5, 2024

Respectfully submitted by:

| | |
|---|---|
| Mark S. Eisen | Martin Jaszczuk |
| Sheila M. Prendergast | Margaret Marcia Schuchardt |
| BENESCH, FRIEDLANDER, COPLAN & ARONOFF | Jaszczuk P.C. |
| 71 S. Wacker Drive, Suite 1600 | 311 South Wacker Drive, Suite 2150 |
| Chicago, IL 60606 | Chicago, IL 60606 |
| Telephone: (312) 212-4949 | Tel: (312) 442-0509 |
| meisen@beneschlaw.com | mjaszczuk@jaszczuk.com |
| sprendergast@beneschlaw.com | mschuchardt@jaszczuk.com |

| | |
|---|---|
| Laura E. Kogan<br>BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP<br>127 Public Square, Suite 4900<br>Cleveland, OH 44114<br>Tel: (206) 363-4518<br>lkogan@beneschlaw.com<br><br>*Attorneys for Defendant* | Matthew Peterson<br>Consumer Law Advocate, PLLC<br>230 E. Ohio St., Suite 410<br>Chicago, IL 60611<br>Tel: (815) 999-9130<br>mtp@lawsforconsumers.com<br><br>*Attorneys for Plaintiff* |